# Adolph Arnold, Theodore Arnold, Herman Arnold and Benjamin F. Baker v. Albert Kilchmann.

1. VERDICT—*May Be Changed by Jury Before Recorded.*—Before a verdict is recorded the jury may modify and change it, as it is the verdict which is recorded that is to stand.

2. SAME—*Not Valid Until Pronounced and Recorded.*—The verdict is not regarded as valid and final until it is pronounced and recorded in open court.

3. SAME—*Error to Set Aside, upon Inspection of an Unrecorded Verdict.*—It is error to set aside and vacate a recorded verdict and judgment thereon after the term has closed, simply upon an inspection of a paper on file purporting to be a verdict of a jury.

**Assumpsit,** to recover deposits. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Reversed and remanded, with directions. Opinion filed February 14, 1899.

ESCHENBERG & WHITFIELD and SAMSON & WILCOX, attorneys for appellants.

WALTHER & LANAGHEN, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was commenced in the Circuit Court against six defendants. The records of that court, under date of March 22, 1897, show that a verdict of a jury was rendered in said cause against two of said defendants, and under date of April 10, 1897, shows that a motion for a new trial in said cause was overruled and final judgment entered upon said verdict against said two defendants.

The transcript filed in this court states that there is on file in the office of the clerk of said court a paper purporting to be a verdict of a jury in said cause. This purported verdict is peculiar in form and phraseology, but perhaps it may be so construed as to make it a verdict against the six defendants.

By an order, entered of record November 3, 1897, said Circuit Court set aside and vacated said order of March 22, 1897, being the recorded verdict of the jury in said cause. By the same order said Circuit Court set aside and vacated said final judgment entered April 10, 1897. The record recites that said order and judgment were vacated and set aside upon an inspection by said Circuit Court of said paper purporting to be a verdict, and upon that only.

The same day (November 3, 1897) the Circuit Court entered another final judgment in said cause, this time against all the defendants, for the sum named in said paper verdict, viz., $532.39, together with interest thereon from March 22, 1897, amounting to $15.50, making in all the sum of $547.89.

The four appellants, being the four defendants below who were not included in said first recorded verdict or in said original judgment, bring this case to this court by appeal.

No point is made in brief and argument as to the fact of adding interest to the amount named in the paper verdict and including the same in the final judgment.

Several terms of said court had intervened between the day of the entry of the first judgment and the day when that judgment was set aside and the second judgment entered.

The case of Lambert v. Borden, 10 Ill. App. 649, if followed, is conclusive upon the point that the recorded verdict must control. As is well said in Goodwin v. Appleton, 22 Maine, 453, 458, " Before a verdict is recorded the jury may vary from their first offer of their verdict, and the verdict which is recorded shall stand. The verdict is not regarded as valid and final until it is pronounced and recorded in open court." See also opinion in Kirk v. Senzig, 79 Ill. App. 251.

It was error to set aside and vacate the recorded verdict; and the judgment entered thereon several terms of the court afterward, simply upon an inspection of a paper on file purporting to be a verdict of a jury. It is not pretended that the order of November 3, 1897, is an amend-

ment of former record.  It sets aside the prior judgment and recorded verdict, and enters another and different verdict and judgment.

The judgment entered by the Circuit Court November 3, 1897, is reversed, and said cause is remanded with directions to set aside the entire order entered in said cause November 3, 1897.  There being no appeal from the judgment entered April 10, 1897, and no error assigned thereon, it is not before this court for consideration.  Reversed and remanded with directions.